Brooks *v.* Curtis.

New trial granted.

---

LEWIS BROOKS, Appellant, *v.* JOSEPH CURTIS and ISAAC BUTTS, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

The owner of a brick building conveyed, without reservation, to the owner of an adjoining lot, the land upon which the half of one of the side walls of the building stood, the grantee made no use of the wall for ten years, and then built against it, and the wall was used by him and by the grantor, and the latter's grantees of the building for ten years more, as a party wall.—*Held*, that such grantees had a right in the wall as a party wall.

An easement established by prescription, or inferred from user, is limited to the actual user.

Brooks v. Curtis.

The owner of an easement, by prescription, for support, in a party wall, may not add to the wall by building on it, or occupying the adjoining premises to a greater extent than is established by the user, or is inferrable therefrom as a necessary legal incident.

Where the defendant having obtained, by user, the right to the half of a wall which adjoined his premises, as a party wall, by consent of the plaintiff, the owner of such half, placed anchors in the wall for the purpose of carrying it up, and also built up the whole wall, and added additional stories to his house, with knowledge, and without objection of the plaintiff.—*Held*, that the latter was equitably estopped from disputing the right of the former to use and maintain the additional wall as a party wall.

But held further, that the defendant was not at liberty to construct a roof upon such wall, in such manner as to shed the ice and water therefrom on to the plaintiff's premises; and that equity would restrain him from maintaining such a roof, after the same had been completed.

APPEAL from judgment rendered at the Monroe Special Term, dismissing the complaint of the plaintiff. The facts are stated in the opinion of the court.

*J. C. Cochrane*, for the appellant.

*W. F. Cogswell*, for the respondents.

Present — MULLIN, P. J., JOHNSON and TALCOTT, J. J.

By the Court — TALCOTT, J. This action is brought to compel the defendants to take down and remove a wall which they have erected upon the top of a wall which divides the store of the plaintiff, from that of the defendants, and which is, in fact and by use, a party wall, standing one-half, or six inches, upon the land of the plaintiff, and six inches upon the land of the defendants.

The defendants have carried up the whole wall from sixteen to twenty or more feet, thus adding two stories to the heighth of their own building; and in so doing have, of course, built one-half of the new wall upon the top of the plaintiff's side of the division wall, and therefore upon the land and premises of the plaintiff.

The wall in question now constitutes the east wall of the plaintiff's store. When this wall was erected it was built

wholly upon the land of Everard Peck, whose premises adjoined the plaintiff's on the east. At that time, and while the buildings of Peck were being finished, and in the year, 1846, plaintiff purchased of Peck the westerly six inches of land, upon which this wall was built. The only reference to the wall in the deed from Peck is in the description of the land conveyed, which takes as a starting point, a point on Buffalo street, "opposite the center of the brick wall which said party of the first part (Peck) is now erecting as the west wall of a block of stores," and the line is run through the center of the wall. The westerly store of this block is the store of the defendants. This wall continued to be used as the west wall of the building, now owned by the defendants for a number of years, about ten, as is to be inferred from the testimony, when the plaintiff erected a three-story brick building on his lot; then for the first time making use of the wall in question, as a party wall, letting his joists into it and using it as the east wall of his building, and it has ever since been used and occupied as the east wall of the plaintiff's building and the west wall of that of the defendants. Under these circumstances we think the justice at Special Term justly found this wall to be a party wall between the parties. For, although the deed to the plaintiff, by Peck, contains no reservation of any easement or right of support from the wall, still it appears to be quite manifest that it was the intention of the parties that the wall in question should be used as a party wall. True, such mere intention would be insufficient of itself to control the express terms of the deed, still the defendants and their predecessors in the title have, since 1846, and for more than twenty years, actually enjoyed the easement of the support of this wall for a part of the time exclusively, and for the residue as a party wall.

There is no express agreement fixing the rights of the parties in regard to this wall; and where an easement is established by prescription, or inferred from user, the easement thus established, or to be inferred, is limited to the

actual user. A right claimed by user is only co-extensive with the user.

And there is no ground upon which the rights of either party can be inferred to extend beyond the actual user, and such legal incidents as necessarily follow the right to use a wall as a party wall. The defendants, therefore, had no right from the mere fact that they had the right to the easement of the support of the wall in question, as it had been constructed and used as a party wall, to add to it in any direction by building upon and occupying the premises of the plaintiff to any greater extent than was established by the user, or inferable therefrom, as a necessary legal incident. (Washburn on Easements, 537–539.)

It appears, however, that as a part of the alterations made by the defendants for the sole purpose of carrying up the wall, they caused certain iron anchors to be inserted in the wall, to which the plaintiff expressly consented, and that the raising of the wall was with the knowledge of the plaintiff; and as the justice who tried the cause finds, without objection on his part. This presents, therefore, an occasion for the application of a principle well settled in courts of equity, and often applied in the law of easements and servitudes, namely, the doctrine of equitable estoppel.

The acts of the defendants, in raising the wall and altering their building, in conformity with the change thus made, were done in 1866, and were obviously attended with considerable expense. This action was not commenced till 1869. Under such circumstances, the rule, as laid down by Mr. Washburn, and which is abundantly sustained by authority, is: "Where the owner of an estate has stood by and seen another expend money upon an adjacent estate, relying upon an existing right of easement in the first mentioned estate, and without which such expenditure would be wholly useless and wasted, and has not interposed to forbid or prevent it, equity has enjoined him from interrupting the enjoyment of such easement." (Washburn on Easement, &c., 62, 63.) Here the plaintiff is applying to a court of equity to restrain

Brooks v. Curtis.

the defendants from continuing the use, and to deprive them of the enjoyment of the wall in a case where, according to the principle above referred to, the court would absolutely interfere to restrain the plaintiff from interrupting the enjoyment of the wall in controversy by the defendants. A fortiori, these facts constitute a good defence in equity.

This is a principle wholly independent of the doctrine of revocable license, but operates as an equitable estoppel against the assertion by the party who stood by and suffered his neighbor to make the expenditure under a claim of right without objection that the erection was without right and an invasion of the rights of the premises thus assumed to be servient.

But it appears that the defendants have constructed their roof in such a manner as that it turns the water from their building on to the roof of the plaintiff below, and in the winter time causes large icicles or masses of ice to form on the westerly side of this wall, as carried up, and at the edge of the defendants' roof, which becoming detached fall upon the plaintiff's roof and damage the same and even endanger the occupants of the store of the plaintiff, by breaking through the skylight and falling into the counting-room below.

While the wall was being carried up the plaintiff had a right to suppose that the roof would be constructed in such a manner as not to cast the water and ice from the defendants' building on to him, and had no knowledge, so far as appears, that it was so constructed as to produce the injurious results referred to until after the completion of the wall and the roof showed by the actual results the improper construction in this particular.

This constitutes a private nuisance, and is not justified by the equitable estoppel which applies to the carrying up of the wall, for it is not a necessary incident thereof, and the plaintiff did not know of it at the time, and cannot be presumed to have assented to it.

This is one of the causes of the complaint of the plaintiff, as alleged by him in his complaint in the action.

To restrain this nuisance, the plaintiff could maintain an action in equity. Therefore, the decree should be so modified as to restrain the defendants from maintaining their roof in such manner and of such construction that the water and snow from it, and the ice formed from the waters falling upon it, descend upon the roof of the plaintiff's adjoining building. As thus modified, the decree should be affirmed, without costs of the appeal to either party.

Ordered accordingly.